UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| UNITED STATES OF AMERICA | |
|---|---|
| | INDICTMENT |
| vs. | NO. 5:11CR31-R |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 922(a)(6) |
| | 18 U.S.C. § 924(a)(2) |
| | 18 U.S.C. § 924(d) |
| | 28 U.S.C. § 2461 |

**TOMMY DOUGHTY**

The Grand Jury charges:

## COUNT 1

On or about October 9, 2006, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **TOMMY DOUGHTY**, in connection with the acquisition of a firearm, to wit:

| MAKE | MODEL | SN | CAL | TYPE |
|---|---|---|---|---|
| Smith & Wesson | 10 | D464121 | .38 | Revolver |
| Rossi | M854 | J034606 | .38 | Revolver |
| Intratec | 422Sport | K007477 | .22 | Pistol |

from Vernon's Western Frontier, a federally licensed firearms dealer, knowingly made a false and fictitious written statement to Vernon's, which statement was intended and likely to deceive Vernon's as to a fact material to the lawfulness of the sale of the firearms, in that the defendant

**TOMMY DOUGHTY** stated on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual buyer of the firearm indicated on the Form 4473, when in fact, as the defendant **TOMMY DOUGHTY** then knew, he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 2

On or about November 8, 2006, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **TOMMY DOUGHTY**, in connection with the acquisition of a firearm, to wit:

| MAKE | MODEL | SN | CAL | TYPE |
| --- | --- | --- | --- | --- |
| Hi-Point | Compact | P1329900 | 9mm | Pistol |
| Hi-Point | Compact | P1329903 | 9mm | Pistol |
| Hi-Point | Compact | P1329905 | 9mm | Pistol |
| Rossi | 971 | F108767 | .357 | Revolver |

from Benson's Sporting Goods, a federally licensed firearms dealer, knowingly made a false and fictitious written statement to Benson's, which statement was intended and likely to deceive Benson's as to a fact material to the lawfulness of the sale of the firearms, in that the defendant **TOMMY DOUGHTY** stated on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual buyer of the firearm indicated on the

Form 4473, when in fact, as the defendant **TOMMY DOUGHTY** then knew, he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

### COUNT 3

On or about December 14, 2006, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **TOMMY DOUGHTY**, in connection with the acquisition of a firearm, to wit:

| MAKE | MODEL | SN | CAL | TYPE |
|---|---|---|---|---|
| Intratec | AB-10 | A060570 | 9mm | Pistol |
| R & G | RG31 | 0135185 | .380 | Revolver |

from Vernon's Western Frontier, a federally licensed firearms dealer, knowingly made a false and fictitious written statement to Vernon's, which statement was intended and likely to deceive Vernon's as to a fact material to the lawfulness of the sale of the firearms, in that the defendant **TOMMY DOUGHTY** stated on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual buyer of the firearm indicated on the Form 4473, when in fact, as the defendant **TOMMY DOUGHTY** then knew, he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2).

The Grand Jury further charges:

## COUNT 4

On or about December 14, 2006, in the Western District of Kentucky, Calloway County, Kentucky, the defendant, **TOMMY DOUGHTY**, in connection with the acquisition of a firearm, to wit:

| MAKE | MODEL | SN | CAL | TYPE |
|---|---|---|---|---|
| Hi-Point | CF380 | P846122 | .380 | Pistol |

from Benson's Sporting Goods, a federally licensed firearms dealer, knowingly made a false and fictitious written statement to Benson's, which statement was intended and likely to deceive Benson's as to a fact material to the lawfulness of the sale of the firearms, in that the defendant **TOMMY DOUGHTY** stated on a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual buyer of the firearm indicated on the Form 4473, when in fact, as the defendant **TOMMY DOUGHTY** then knew, he was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2).

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), as alleged in Counts 1 through 4 of this Indictment, felonies punishable by imprisonment for more than one year, the defendant, **TOMMY DOUGHTY**, shall forfeit to

the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms involved in the commission of the offenses.

TRUE BILL.



FOREPERSON

_____
DAVID J. HALE
UNITED STATES ATTORNEY

DJH:AMS:082511

UNITED STATES OF AMERICA v. **TOMMY DOUGHTY**

## P E N A L T I E S

Counts 1-4:   NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release (each count)
Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

    Misdemeanor:  $ 25 per count/individual    Felony:  $100 per count/individual
                           $125 per count/other                     $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

    1.   **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

        <u>For offenses occurring after December 12, 1987</u>:

        No **INTEREST** will accrue on fines under $2,500.00.

        **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

        **PENALTIES** of:
        10% of fine balance if payment more than 30 days late.

        15% of fine balance if payment more than 90 days late.

    2.   Recordation of a **LIEN** shall have the same force and effect as a tax lien.

    3.   Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

        If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 361

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made **payable to the Clerk, U.S. District Court** and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 5: 11CR31-R

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

THE UNITED STATES OF AMERICA
vs.
TOMMY DOUGHTY

## INDICTMENT
Title 21 U.S.C. §§ 2; 922(a)(6); 924(a)(2):
Making False and Fictitious Written Statements
in Connection with the Acquisition of Firearms.

*A true bill.*



*Foreman*

*Filed in open court this* 13th day, *of* September, A.D. 2011.



*Clerk*

SEP 13 2011

VANESSA L. ARMSTRONG
BY: DEPUTY CLERK

*Bail, $*